JUSTICE WHEAT
concurs.
¶75 I concur in the Court’s Opinion. I write separately to address Issues Three and Five.
¶76 I concur with the conclusion under Issue Three that the jury is entitled to see everything in the insurance company’s claim file, including evidence that would be inadmissible in a liability trial. However, because of the potential impact such evidence could have on the jury in a bad-faith trial, the jury must be instructed as to why such evidence is inadmissible and that it cannot be relied upon by the insurance company when making liability decisions. Accordingly, I offer the following proposed jury instruction:
In its evaluation of liability, [the insurance company] is obligated to investigate and gather information, facts, and evidence from many sources. However, some information, facts, or evidence would not be admissible during a trial to determine [defendant’s] *317 liability. The insurance company cannot rely on inadmissible evidence when evaluating liability. Nor can you rely on inadmissible evidence when you are deciding whether liability was reasonably clear.
In this case, the court has determined that the following evidence is inadmissible, could not be relied on by [the insurance company] when it evaluated liability, and must be disregarded by you:
¶77 In this case, the obvious inadmissible evidence includes the evidence excluded by the trial court pursuant to a motion in limine and evidence regarding the lack of traffic citations. Prior to trial in a bad-faith case, it will be counsel’s responsibility to identify any evidence he or she believes is inadmissible and move the court accordingly.
¶78 I concur with the conclusion under Issue Five that attorney Gregoire was not the agent of the insurance company and that his allegiance was solely to his client. Furthermore, I see no conflict with defense counsel undertaking a liability analysis for the insurance company because that is his or her obligation in defense of the client. However, I would require that when defense counsel provides a liability analysis to the insurance company, it be in writing and committed to the claim file as evidence of the company’s individual liability analysis. Thereafter, if a bad-faith case ensues, defense counsel’s testimony in the bad-faith case should be limited by the contents of his or her written liability analysis. Defense counsel should not be allowed to testify about inadmissible or subjective indicators of trial success, such as whether the parties will be sympathetic witnesses, as a way to disclaim or modify a written liability analysis. If the claim file does not have a written liability analysis from defense counsel, then defense counsel should not be allowed to testify because the focus is on the insurance company’s documented liability analysis.
¶79 I concur.